**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**WALTER McCULLOUGH**                                                    **PETITIONER**


**VS.**                              **CASE NO. 5:06CV00052 SWW/HDY**


**LARRY NORRIS, Director of the**
**Arkansas Department of Correction**                      **RESPONDENT**


**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.    Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

1

other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

The Court has received an application for writ of habeas corpus pursuant to 28 U.S.C. §2254

from Walter McCullough, an inmate in the custody of the Arkansas Department of Correction

(ADC) as a result of his conviction following a 2005 jury trial in Craighead County Circuit Court

on the charges of committing a terroristic act and first degree battery. Petitioner was sentenced to

a total of eighty years of imprisonment. A direct appeal is now pending. In a previous case

(5:05cv328, *McCullough v. Norris*), the petitioner challenged the same convictions. Judgment was

entered in that case on February 3, 2006. The Court dismissed the case due to the pending direct

appeal, noting that the petitioner must first exhaust available state court remedies before proceeding

with his federal habeas corpus claims.

Questions of available state remedies require this Court to look to the provisions of 28 U.S.C.

2254(b) and (c). These subsections codify the doctrine of comity by requiring the exhaustion of state

remedies prior to bringing federal habeas corpus claims. *Lenza v. Wyrick*, 665 F.2d 804 (8th Cir.

l98l). This exhaustion requirement is necessary in order to afford the state courts the opportunity

to correct any constitutional errors before federal courts intervene. *Id*. However, this requirement

will not be construed so as to require the filing of repetitious or futile applications for relief in state

court. *Powell v. Wyrick*, 62l F.2d 92l, 923 (8th Cir. l980). In addition, a federal court should defer

action only "if there is some reasonable probability that the relief which the petitioner seeks will

2

actually be available to him." *Powell v. Wyrick*, 657 F.2d at 224.  Consequently, we must determine whether the petitioner has an available state remedy.

      In this instance, the direct appeal of Mr. McCullough's criminal convictions has not been decided.  In his petition, he concedes that the result of the direct appeal is "unknown as of yet." Petition, page 2.  The respondent attaches the state court docket sheet to his response, and this docket sheet confirms the pending status of the direct appeal. We find that a direct appeal is an available state remedy, and we recommend that this petition be dismissed due to the petitioner's failure to exhaust his available state court remedy.

      IT IS SO ORDERED this   19   day of June, 2006.

_____
UNITED STATES MAGISTRATE JUDGE